UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MELISSA-MARIE BARGE,
    Plaintiff,

vs.                                              Case No.: 3:22cv06729/TKW/ZCB

UNITED STATES, et al.,
    Defendants.
                                /

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff's Motion for an Emergency Injunction.[1] (Doc. 3). It is ultimately unclear what emergency relief Plaintiff is requesting or the basis for it. Her motion relies primarily on the Hague Convention and international law. (*Id.* at 1).

A preliminary injunction preserves the status quo between the parties until the merits of the case can be reviewed. *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). It is "an extraordinary and drastic remedy." *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248-49 (11th Cir. 2016). A court, in its discretion, may grant a request for a preliminary injunction when there is: (1) a substantial likelihood the moving party will prevail on the case's merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) a

---

[1] The Court construes the motion as one for a preliminary injunction.

1

greater threat to the moving party than the potential harm the injunction may cause the defendant; and (4) no impairment of the public interest by granting the injunction. *Davidoff & Cie, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001). The moving party has the burden to establish all four prerequisites. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). If the moving party fails to show a substantial likelihood of success on the merits, the court need not consider the other requirements. *Bloedorn v. Grube*, 631 F.2d 1218, 1229 (11th Cir. 2011).

The complaint Plaintiff filed in this case is a "shotgun pleading" that fails to demonstrate a substantial likelihood of success on the merits. A "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2)" and ultimately fails to give the defendants adequate notice of the plaintiff's claims against them. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). One type of "shotgun pleading" asserts "multiple claims against multiple defendants without specifying which of the defendants . . . the claim is brought against." *Id*. Another type "does not separate 'each cause of action or claim for relief' into a different count." *Id.* at 1325. A third type contains vague and immaterial facts that are unconnected to the cause of action. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). "Shotgun pleadings" do not establish a substantial likelihood of success on the merits. *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011).

Applying the standards above, Plaintiff's complaint is a "shotgun pleading." First, it asserts claims against both the United States and Florida, yet it fails to specify which claim(s) are brought against which defendant(s). (Doc. 1). Her complaint includes no claims for relief nor does it specify the requested relief. (*Id.*). Rather, Plaintiff ends her complaint with Bible verses and the Lord's Prayer. (*Id.*). Additionally, Plaintiff's complaint contains immaterial and vague facts. For example, Plaintiff appears to complain about a mortgage transaction, but Plaintiff includes no dates, lender names, or property addresses. (*Id.*). And Plaintiff's motion for an injunction fails to provide the Court with any basis for believing that she is likely to prevail on the merits in this case.

For the reasons above, the Court finds Plaintiff has not established a substantial likelihood of success on the merits as required to obtain a preliminary injunction. Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion for an Emergency Injunction (Doc. 3) be **DENIED.**

At Pensacola, Florida, this 7th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's</u>**

**internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**